USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/7/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GAVIN RUDDER,

                Plaintiff,

      -v.-

CHRISTIAN JIMENEZ, et al.,

                Defendants.
------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

11 Civ. 3453 (VSB) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Vernon S. Broderick, United States District Judge:**

Defendants in this action, five members of the New York City Police Department ("NYPD"), move to dismiss pro se Plaintiff Gavin Rudder's amended civil rights complaint for failure to prosecute under Rule 41(b), or alternatively Rules 16(f) and 37(b)(2)(A), of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that Defendants' motion be granted and the action be dismissed with prejudice.

## I.    PROCEDURAL HISTORY

### A. Commencement of Action and Delays in Amending Complaint

Rudder commenced this action on May 10, 2011 under 42 U.S.C. § 1983 following events on January 3, 2011 in a Bronx apartment during which, according to Rudder, he was subjected to excessive force, false arrest, and malicious prosecution by members of the NYPD. See Complaint (Docket No. 2). On June 14, 2011, the Court ordered the Corporation Counsel of the City of New York ("Corporation Counsel"), as attorney and agent for the NYPD, to provide Rudder with the identity of various "John Doe" defendants listed in his complaint, and directed Rudder to file an amended complaint thereafter naming these newly ascertained persons. Order (Docket No. 7) (citing Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997)).

USDC SDNY
DATE SCANNED 4/7/14

1

The Court then stayed Rudder's case pending the disposition of criminal proceedings against him in state court arising from the January 3 incident that had given rise to his complaint. Order dated September 26, 2011 (Docket No. 12). The stay was lifted on December 14, 2012 and Rudder was ordered to file an amended complaint within 30 days. Order (Docket No. 15). Rudder did not comply. On January 22, 2013, the Court – noting that in recent weeks Rudder had evidently been transferred from city to state custody, released, and subsequently rearrested for an alleged parole violation, and that mailings to him were returned as undeliverable – directed Rudder again to file an amended complaint as well as provide a change-of-address form within 20 days. Order (Docket No. 17). He was warned that failure to provide an up-to-date address could lead to a recommendation that his action be dismissed for failure to prosecute. Id. at 2.

Once again, no amended complaint was filed by the court-imposed deadline. Rudder submitted a letter, postmarked February 14, 2013 (Docket No. 20), explaining that due to his incarceration he lacked the paperwork to name the unidentified defendants and could only remember the names of two officers. In response, on February 21, 2013, the Court directed that Corporation Counsel re-send information concerning the John Doe defendants to Rudder and that Rudder file an amended complaint within 14 days of receiving the information. Order (Docket No. 21). Again, the Court explained that failure to comply could lead to dismissal for failure to prosecute. Id. at 2.

In an undated letter received on March 15, 2013 (Docket No. 22), Rudder provided the Court with the names and service addresses of the individuals he wished to name as defendants, but did not submit an amended complaint. At the Court's direction, Rudder was mailed an amended complaint form and instructions. See Docket Entry of March 18, 2013. By letter dated

March 28, 2013, Corporation Counsel requested that the case be dismissed under Fed. R. Civ. P. 41(b) because Rudder had not filed an amended complaint despite having been provided with the appropriate information about the John Doe defendants four times. Endorsed Letter (Docket No. 24). The Court denied the request without prejudice to renewal by means of proper motion practice. Id.

On April 18, 2013, the Court ordered Rudder to submit an amended complaint form, another copy of which was attached and mailed to him, by May 3, 2013. Order (Docket No. 25). The Order specified that "because he has been given multiple opportunities to file his amended complaint, the Court will recommend to the district court that this case be dismissed for failure to prosecute" if Rudder did not comply, cautioning that "[t]his is his last chance." Id. at 1-2.

**B. Amended Complaint and Delays in Service**

Rudder filed an amended complaint on April 23, 2013, naming five NYPD officers: Christian Jimenez, Keith Silardi, Scott Annicelli, Dennis Harrison, and Amanda Encke. Amended Complaint ("Am. Compl.") (Docket No. 27). On April 25, 2013, the Court directed the U.S. Marshals Service to assist Rudder, because he was proceeding in forma pauperis, in effecting service of the summons and amended complaint. Order of Service (Docket No. 29). The Order of Service stated that should Rudder fail to return the proper forms to the Marshals Service or request a summons by May 24, 2013, the Court would recommend the action be dismissed for failure to prosecute. Id. at 2.

Corporation Counsel informed the Court, by letter dated June 5, 2013, that Rudder had failed to return the Marshals Service forms or request a summons to effect service on his own, and again requested dismissal for failure to prosecute. Endorsed Letter (Docket No. 30). This application was also denied without prejudice to renewal through proper motion practice. Id.

3

The matter was subsequently referred to the undersigned to prepare a report and recommendation on that anticipated motion, Order of Reference dated June 18, 2013 (Docket No. 31), and a briefing schedule set, Order dated June 24, 2013 (Docket No. 32).

However, after the Court received a packet from Rudder including two separate amended complaints and an undated note describing problems with the mail at the facility where he was incarcerated (Docket No. 33), the briefing schedule was vacated and Rudder was directed once again to return the appropriate Marshals Service forms by July 24, 2013 "or else the Court may be forced to dismiss the case." Order dated June 25, 2013 (Docket No. 34). The forms were eventually returned to the U.S. Marshals Service and, after execution of service (see Docket Nos. 37-39), Defendants filed an answer on August 29, 2013. Answer (Docket No. 40).

### C. Non-Responsiveness in Discovery

An initial pretrial conference was set for September 18, 2013 but was adjourned upon request of Corporation Counsel as Rudder, recently released from prison, had not updated his contact information and could not be reached to participate by telephone. See Order dated September 4, 2013 (Docket No. 44). The Court admonished Rudder for the number of times it had already informed him of his obligation to keep the Court apprised of his contact information. Id. at 1. Rudder informed the Court of his new address by letter on October 2, 2013 (Docket No. 45). The initial pretrial conference was subsequently held on October 23, 2013, where Defendants served Rudder in person with their first set of interrogatories and document requests. Declaration of Joseph A. Marutollo dated January 2, 2014 in Support of Defendants' Motion to Dismiss the Amended Complaint ("Marutollo Decl.") (Docket No. 57), ¶ 5.

Rudder did not respond to the interrogatories or document requests and, upon Defendants' motion to compel, the Court directed Rudder to provide Defendants with responses,

4

including executed medical releases, by December 20, 2013. See Order dated December 9, 2013 (Docket No. 53). Rudder was warned that "[f]ailure to do so may result in [his] case being dismissed for failure to prosecute his action" under Fed. R. Civ. P. 41(b). Id. With no response from Rudder, Defendants filed the instant motion on January 2, 2014. Notice of Motion to Dismiss (Docket No. 56); Marutollo Decl.; Memorandum of Law in Support of Motion to Dismiss (Docket No. 58). After Rudder failed to file any opposition to the motion, the Court issued an order giving him until February 28, 2014 to oppose the motion. Order dated February 18, 2014 (Docket No. 60). To date, no opposition has been filed.

## II. DISCUSSION

### A. Legal Standard

The duty to diligently advance a case rests with the plaintiff. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir.1982). "If the plaintiff fails to prosecute or to comply with the[] rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is "an adjudication on the merits" unless otherwise specified. Id. (excepting dismissals for lack of jurisdiction, improper venue, or failure to join a party). Although left to the discretion of the district court, Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994), "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Nonetheless, because it is a plaintiff's responsibility to pursue his or her case diligently, "an action lying dormant with no significant activity to move it . . . may warrant dismissal after merely a matter of months." Lyell Theatre Corp., 682 F.2d at 42-43.

Before dismissing an action for failure to prosecute under Rule 41(b), courts weigh a number of factors, including:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Drake, 375 F.3d at 254 (citations omitted); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009). No single factor is dispositive. Shannon v. General Elec. Co., 186 F.3d 186, 194 (2d Cir.1999).[1]

In addition, courts must give special consideration to motions to dismiss for failure to prosecute raised against unrepresented plaintiffs, remaining "especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." Ashley v. City of New York, No. 02 Civ. 3085 (LAP) (RLE), 2003 WL 1624215, at *1 (S.D.N.Y. Mar. 25, 2003) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)); see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001). Nevertheless, "while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988); see also Hibbert v. Apfel, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000) ("Although sympathetic to

---

[1] "[A] district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." Nzomo v. Wheeler, No. 10 Civ. 8530 (RA) (JLC), 2013 WL 4713911, at *1-2 (S.D.N.Y. Sept. 3, 2013) (quoting Qiaosun Wu v. BTL Int'l Co., No. 11 Civ. 1202 (PAE) (GWG), 2011 WL 683132, at *5 (S.D.N.Y. Apr. 12, 2012)), Report and Recommendation, adopted by 2014 WL 92711 (S.D.N.Y. Jan. 9, 2014). Nonetheless, in an abundance of caution and because dismissal with prejudice is recommended here, I will address each of the "guiding rules" fashioned by the Second Circuit. Drake, 375 F.3d at 254.

the plight of the unrepresented, strong policy concerns further support dismissal. Delays have dangerous ends, and unless district judges use the clear power to [dismiss] when appropriate, exhortations of diligence are impotent.") (quotation marks omitted).

## B. The Applicable Factors All Weigh in Favor of Dismissal for Failure to Prosecute

### 1. Duration of Delays Has Been Significant

Rudder has demonstrated a consistent failure to diligently prosecute his case. After the stay was lifted in December 2012 following resolution of his criminal proceedings, Rudder repeatedly failed to submit an amended complaint naming individual defendants, only doing so in April 2013 in the face of four successive court-imposed deadlines. See Orders (Docket Nos. 15, 17, 21, 25). Once the amended complaint was submitted, Rudder then failed to return the forms necessary for the Marshals Service to effect service on his behalf, completing this step only after the Order of Service and a subsequent order of the Court. Orders (Docket Nos. 29, 34). While as an incarcerated plaintiff proceeding pro se, Rudder is entitled to some leniency given his apparent transfers within, in, and out of custody, his status as a prisoner does not release him completely from his litigation responsibilities. See Webb v. Ashburn, No. 96 Civ. 325 (SAS), 1998 WL 2552, at *2 (S.D.N.Y. Jan. 5, 1998) ("The fact that plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner.") (quoting West v. City of New York, 130 F.R.D. 522, 526 (S.D.N.Y.1990)). Moreover, his dilatory behavior continued even after release; although it was incumbent upon him, as the Court explained multiple times, to update his contact information, because of his neglect, the initial pretrial conference had to be adjourned until he could be located. See Order (Docket No. 44). Rudder has since failed to respond to basic discovery requests that were served on him in person or to oppose the current motion to dismiss. Marutollo Decl., ¶ 5.

In sum, a full 16 months since the stay was lifted in this action, Rudder continues to exhibit little desire to move his case forward. Indeed, the last time that Rudder has had any contact with this case was his appearance at the initial pretrial conference in late October 2013, nearly six months ago. See Docket Entry for October 23, 2013. In light of these facts, there can be no doubt that the failures described above "were those of the plaintiff" and that they have been "of significant duration." Samman v. Conyers, 231 F.R.D. 163, 165 (S.D.N.Y. 2005) (citing Spencer v. Doe, 139 F.3d 107, 113 (2d Cir.1998)). See also Yadav v. Brookhaven Nat. Lab., 487 F. App'x 671, 672-73 (2d Cir. 2012) ("Although [plaintiff's] dilatory conduct extended for only three months, we have noted that a delay of a 'matter of months' can potentially warrant dismissal.") (citing Lyell, 682 F.2d at 43); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (dismissal proper under Rule 41(b) when plaintiff failed to take any action to move his case to trial during six month period); Hibbert, 2000 WL 977683, at *2 (same).

### 2. Repeated Notice of Possible Dismissal was Sufficient

Rudder has received multiple warnings that his delays would lead to dismissal. By the Court's count, Rudder was advised no fewer than six times through the course of this litigation that his continued non-responsiveness would lead to dismissal of his claims for failure to prosecute. See Orders (Docket Nos. 17, 21, 25, 34, 38, 53). In addition to the current motion, Rudder was notified of a briefing schedule for Defendants' proposed motion to dismiss in June 2013, Order dated June 23, 2013 (Docket No. 32), which was only vacated when Rudder belatedly contacted the Court. The foregoing, taken together, constitutes adequate notice. See, e.g., Virola v. Entire GRVC Dep't of Mental Health Hygeine Servs., No. 12 Civ. 1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (motion papers and court order constitute sufficient notice); George v. City of New York, No. 12 Civ. 6365 (PKC) (JLC), 2013 WL

5943206, at *4 (S.D.N.Y. Nov. 6, 2013) (single order warning that recommendation for dismissal for failure to prosecute would follow suffices as "meaningful, non-technical notice") (citing Lucas, 84 F.3d at 535).

### 3. Prejudice to Defendants May Be Presumed

Courts have held that a continued delay in litigation caused by a dilatory plaintiff is in itself prejudicial to defendants. See, e.g., Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ. 9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) ("Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit."). Generally, the degree of prejudice caused begins to weigh in favor of granting a defendant's motion to dismiss with a delay of six months. See, e.g., Virola, 2014 WL 793082, at *3 (prejudice may be fairly presumed with delay of more than six months); Chira, 634 F.2d at 666-68 (six-month delay caused prejudice). Here, while it has been just under six months since Rudder's last contact with the Court or his adversaries on October 23, 2013, Defendants also experienced earlier delays over the course of 2013 caused by Rudder's repeated failures to file an amended complaint, effect service, and appear for a court conference. Therefore, the prejudice factor also weighs towards dismissal.

### 4. Court Interest in Resources Outweighs Non-Responsive Rudder's Right to be Heard

Typically, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas, 84 F.3d at 535-36. At the same time, "[c]ourts in this district have held that calendar congestion outweighed plaintiffs' opportunity to be heard when the plaintiff has rebuffed opportunities to be heard and failed to attend judicial conferences." St. Prix v. Sirus XM Satellite Radio, No. 11

9

Civ. 1506 (CM) (KNF), 2014 WL 405812, at *4 (S.D.N.Y. Jan. 29, 2014) (citations omitted). It appears that Rudder has simply disappeared and refused to respond to basic initial discovery requests or to the present motion. "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." Hibbert, 2000 WL 977683, at *3. Thus, this factor too supports the dismissal of Rudder's action. See, e.g., Caussade v. United States, 293 F.R.D. 625, 631 (S.D.N.Y. 2013) (court's interest in managing docket outweighs plaintiff's interest to be heard where she has been out of contact for five months and ignored discovery requests); Yang v. Greyhound Lines, Inc., No. 07 Civ. 6499 (CM), 2008 WL 3126188, at *2 (S.D.N.Y. July 14, 2008) (Plaintiff who has "rebuffed" written communications and offers to be heard in connection to motion "should take a back seat to the court's interest in managing its docket.").

### 5. Lesser Sanctions Are Not Likely to Be Effective

In weighing the fifth and final factor of the availability of alternative punitive measures, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." S. New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010). No lesser sanction would be meaningful here given that Rudder has evidently severed, now completely, his previously intermittent contact with the Court and the Defendants. See, e.g., Caussade, 293 F.R.D. at 631 ("Because [plaintiff] has effectively disappeared, she cannot be given notice of any sanction less than dismissal."); Blake v. Payane, No. 08 Civ. 0930 (PAC) (PED), 2011 WL 7163172, at *2 (S.D.N.Y. Mar. 11, 2011) ("[N]o lesser sanction would be effective, since petitioner would be unaware that any sanction had been imposed."); Rogers v. Villafane, No. 12 Civ. 3042 (CBA)(MDG), 2013 WL 3863914, at *3 (E.D.N.Y. July 24, 2013) ("There is no indication that a

10

lesser sanction, such as a fine, would be effective, given the plaintiff's failure to take any action for several months to indicate an interest in pursuing this case."); Hibbert, 2000 WL 977683, at *3 ("Plaintiff has apparently lost interest in her case and, accordingly, this Court is left with no alternative but to dismiss her case for failure to prosecute.").

Given the solicitude provided to pro se plaintiffs, courts at times impose the lesser sanction of dismissing without prejudice in such cases. See, e.g., Virola, 2014 WL 793082, at *3. However, the default presumption that a Rule 41(b) dismissal constitutes an "adjudication on the merits" should apply here. See Lyell Theatre Corp., 682 F.2d at 43. Rudder's claims arise from an alleged use of excessive force against him by police officers in the Bronx on January 3, 2011. Am. Compl., at 2-3. These claims are governed by the three-year statute of limitations for §1983 actions in New York State. Melendez v. Greiner, 477 F. App'x 801, 803 (2d Cir. 2012). As a result, "dismissal without prejudice would not produce a more just result" as any attempt by Rudder to re-file would be time-barred and thus futile. Maersk Line v. Phoenix Agro–Industrial Corp., No. 07 Civ. 3169 (SJF) (JMA), 2009 WL 1505281, at *5 (E.D.N.Y. May 27, 2009); see also Nzomo, 2013 WL 4713911, at *2. Dismissal with prejudice is therefore the appropriate sanction.[2]

### III. CONCLUSION

For the foregoing reasons, I recommend that Defendants' motion to dismiss Rudder's amended complaint with prejudice for failure to prosecute under Rule 41(b) be granted.

---

[2] Given its recommendation to dismiss pursuant to Rule 41(b), the Court does not address Defendants' alternative dismissal grounds based on Rules 16(f) and 37(b)(2)(A) of the Federal Rules of Civil Procedure. In any event, the analysis under these Rules, which govern sanctions, including dismissal, for failure to cooperate in discovery and appear at pretrial conferences, is analogous to the inquiry under Rule 41(b). See, e.g., Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (courts consider factors of willfulness, lesser sanctions, duration of non-compliance, prior warnings of dismissal in weighing Rule 37 motion); Houghton v. Culver, 467 F. App'x 63, 65 (2d Cir. 2012) (Rule 37 standards apply in Rule 16(f) motions).

## PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Vernon S. Broderick, United States Courthouse, 40 Foley Square, New York, New York 10007, and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Broderick.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010). If Rudder does not have access to cases cited herein that are reported on Westlaw, he should request copies from Corporation Counsel. Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
April 7, 2014

_____
JAMES L. COTT
United States Magistrate Judge

**A copy of this Report and Recommendation has been mailed to:**

Gavin Rudder
1618 N. Gardener Drive
Bay Shore, NY 11706

12